UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY
AND THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

                        Plaintiffs,

                                                  **REPORT**
                                                  **AND RECOMMENDATION**
     -against                           20-CV-2765 (DRH) (AYS)

MINELLI CONSTRUCTION CO. INC.,

                        Defendant.

-----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Plaintiffs The Phoenix Insurance Company ("Phoenix") and The Travelers Indemnity Company of Connecticut ("Travelers") (collectively "Plaintiffs") bring this action for breach of contract against defendant Minelli Construction Co. Inc. ("Minelli" or "Defendant"), to recover amounts owed pursuant to two insurance policies issued to Defendant.

       The case was commenced in June of 2020. See Compl., Docket Entry ("DE") [1]. Defendant failed to answer and Plaintiffs thereafter requested entry of a certificate of default. See DE [7], [8]. The Clerk of the Court noted the default, DE [9], and Plaintiffs have moved for entry of judgment thereon. See Mot. Default J., DE [10]. Presently before this Court is the District Court's referral of the Plaintiffs' motion for issuance of a Report and Recommendation as to whether Plaintiffs have established Defendant's liability such that the motion should be granted, and if so, to determine (1) the relief to be granted, (2) whether damages should be awarded, and (3) whether any other relief should be granted. See Order Referring Motion dated 10/15/2020. For the reasons set forth below, this Court recommends entry of judgment on behalf of Plaintiffs and that a judgment awarding damages in the amount of $390,579.15.

1

be entered against Defendant.

## BACKGROUND

I.    Facts

The following facts are adduced from Plaintiffs' Complaint, the declarations of Thomas A. Martin ("Martin Decl.") and Beth Danicwicz ("Danicwicz Decl."), and the exhibits attached thereto, and are undisputed and taken as true for purposes of deciding this motion. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).

    A.    The Parties and the Policies

Plaintiffs are both Connecticut corporations with their principle place of business in Hartford, Connecticut. See Compl. ¶¶ 1-2. Defendant Minelli is a New York corporation doing business in Islandia, New York. See Compl. ¶ 3.

Plaintiff Phoenix issued to Minelli a Workers Compensation and Employer's Liability Policy No. 9J40722-A-UB for the policy period January 1, 2018 to January 1, 2019 (the "Phoenix Policy"). Compl. ¶ 6. Plaintiff Traveler issued a General Liability Policy No. 2996P603-CO to Minelli for the period January 2, 2018 to January 2, 2019 (the "Traveler Poliy"). Compl. ¶ 7. The policies provided Defendant with coverage in exchange for the payment of premiums. Compl. ¶ 8. Defendant promised to pay the premiums based on its estimated exposure during each policy period but agreed that those premiums were subject to increase or decrease based upon subsequent audits. Id.

    B.    Minelli's Failure to Pay

In accordance with the terms of the policies, Phoenix and Travelers conducted physical and estimated audits of Defendant which resulted in billings of $352,807 for the Phoenix Policy

and $17,408.01 for the Travelers Policy. Compl. ¶ 14; Daniewicz Decl. ¶ 7, DE [10-2]. Plaintiffs sent Minelli invoices for the insurance premiums. Compl. ¶ 15; Daniewicz Decl. ¶ 8[1], Ex. 1.

Defendant did pay a substantial portion of the Phoenix Policy premium by checks dated 5/29/2019, 6/27/2019, and 8/6/2019. Compl. ¶ 9. However, through an administrative error, the premium funds were returned to Minelli. Compl. ¶ 10. Although Minelli has been notified of the error, Minelli has failed to return the money and pay the premium. Compl. ¶¶ 11. To date, Minelli has failed to pay Phoenix and Travelers the premiums under the policies. Compl. ¶ 17.

Plaintiffs sent Minelli invoices for the insurance premiums, that to date, Defendant has failed to pay. Compl. ¶ 15; Daniewicz Decl. ¶ 8, Ex. 1. As a result, Plaintiffs commenced this lawsuit for breach of contract.

III.   Procedural History

The instant action was commenced on June 22, 2020, and the Clerk of the Court issued a summons directed to Defendant on June 23, 2020. See DE [1], [5]. On June 30, 2020, service was properly made upon Minelli by personally serving its authorized representative Jack Rzeszuto at 850 Sylvan Avenue, Bayport, New York 11705. See DE [6].

Minelli failed to respond to the complaint. Accordingly, Plaintiffs requested entry of a certificate of default. See DE [7], [8]. On August 18, 2020, the Clerk of the Court noted Minelli's default. See DE [9]. Thereafter, Plaintiffs moved for entry of a judgment of default, and that

---

[1] The Court notes that the paragraphs of the Daniewicz Declaration appear to be erroneously numbered. The Declaration consists of ten total paragraphs; however, the first seven paragraphs are numbered in sequential order, and the remaining three paragraphs restart from the number one rather than continuing on as paragraphs eight, nine and ten. For ease of reference the Court refers to the last three paragraphs of the Declaration as paragraphs eight, nine and ten. See Daniewicz Decl.

3

motion was referred to this Court for Report and Recommendation. See DE [10]; Order Referring Motion dated 10/15/2020.

## DISCUSSION

I.  Legal Standards for Default

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). First, the moving party must obtain a certificate of default from the Clerk of the Court. Fed R. Civ. P. 55(a). Once the certificate is issued, the moving party then applies for entry of a judgment of default. Id. R. 55(b).

In the context of a default, all well-pleaded factual allegations in the complaint relating to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, 973 F.2d at 158)), cert. denied, 506 U.S. 1080 (1993). The court must still determine, however, whether the well-pleaded allegations establish liability as a matter of law. See City of New York v. Mickalia Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011).

If liability is established, the court turns to ascertain damages "with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcanture, 183 F.3d 151, 155 (2d Cir. 1999). A hearing is not necessarily required, as long as the court can ensure that there is a basis for the damages sought by way of the proposed default judgment. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). The Court may satisfy this requirement "upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

II. Choice of Law

Plaintiffs are organized under Connecticut law, and the Defendant is organized under New York law. (Compl. ¶¶ 1–3.) While the parties are citizens of different states, neither the Complaint nor Plaintiffs' motion for a default judgment addresses what law applies to Plaintiffs' claims. In moving for a default judgment, Plaintiffs fail to conduct any choice-of-law analysis.

As an initial matter, because the policies do not appear to have choice of law provisions, the Court must determine what law should be applied to Plaintiffs' claims. "In a diversity action, the choice of law rules of the forum state—here, New York—govern." Lapolla Indus., Inc. v. Aspen Specialty Ins. Co., 566 F. App'x 95, 97 (2d Cir. 2014) (citing Krauss v. Manhattan Life Ins. Co. of New York, 643 F.2d 98, 100 (2d Cir. 1981)). Under New York's choice of law rules, the focus in a contract dispute is on the contract's "center of gravity," which, in an insurance contract dispute, is "generally the state where the insured risk is located." Liberty Mut. Ins. Co. v. Fairbanks Co., 170 F. Supp. 3d 634, 642 (S.D.N.Y. 2016). The insurance contracts at issue here are "commercial general liability" policies and "workers compensation" insuring Defendant's business activities. Compl. ¶¶ 6–7. Defendant is a New York corporation with its principal place of business in New York. Compl. ¶ 3. Therefore, because the policies' "center of gravity" was in New York, the Court concludes that New York's substantive law governs.

III. Liability

A. Breach of Contract

Because liability is based upon the well-pleaded facts in the complaint and whether the allegations establish liability as a matter of law, this Court must review the pleading elements of a breach of contract claim. In New York, the elements of a breach of contract claim are: (1) the existence of a contract, (2) the performance by the party seeking recovery, (3) nonperformance

by the other party, and (4) damages attributable to the breach. RCN Telecom Services, Inc. v. 202 Centre Street Realty LLC., 156 F. App'x 349, 350-51 (2d Cir. 2005) (citing Marks v. New York Univ., 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999)).

Here, Plaintiffs have met the elements of breach of contract for both policies under New York law. Plaintiffs allege that they entered into a contract to provide insurance to Defendant in exchange for premiums that were subject to adjustment based on an audit of Defendant's actual exposure to risk. Compl. ¶¶ 6-8; Daniewicz Decl. ¶¶ 4-6. Plaintiffs further alleges that they performed their contractual obligations by actually providing insurance coverage to Defendant. Compl. ¶¶ 13, 16. The Complaint alleges Minelli's nonperformance by way of its failure to make payments to Plaintiffs for the policies. Compl. ¶ 15, 17. Finally, Plaintiffs allege that they suffered damages in the amount of $370,215.01 in unpaid premiums. Compl. ¶¶ 18, 23; Daniewicz Decl., ¶¶ 7-9, Ex. 1.

IV.  Damages

Having found that Plaintiffs have adequately alleged that Minelli is liable for breach of contract, the Court assesses the damages to which Plaintiffs are entitled. Plaintiffs seek actual damages, prejudgment interest and costs. See Daniewicz Decl. ¶¶ 9-10.

Under New York law, a party injured by a breach of contract is entitled "to be placed in the position it would have occupied had the contract been fulfilled according to its terms." Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 185 (2d Cir. 2007) (citing Boyce v. Soundview Tech. Group, Inc., 464 F.3d 376, 384 (2d Cir. 2006)). In the case at bar, the affidavit and documentary evidence annexed to Plaintiffs' Motion for Default Judgment are sufficient for the Court to determine damages without an evidentiary hearing. See Metro Found. Contractors Inc., 699 F.3d at 234; see also McLean v. Wayside Outreach Dev. Inc., 624 F. App'x

44, 45 (2d Cir. 2015) (finding no abuse of discretion when the district court, without holding an evidentiary hearing, determined damages with the aid of a single affidavit "only partially based upon real numbers.").

Plaintiffs seek $370,215.01 in total principal owed as a result of actual and estimated audits performed by Plaintiffs which resulted in billings to Defendant of $352,807 for the Phoenix Policy and $17,408.01 for the Travelers Policy. Compl. ¶¶ 14, 18; Daniewicz Decl. ¶¶ 7, 9. Accordingly, this Court respectfully recommends awarding Plaintiffs the total amount of $370,215.01 due under the policies.

Plaintiffs also seek pre-judgment interest from March 15, 2020, which is 30 days after the insurance premiums sought were due, to October 14, 2020, the date the instant motion was filed. Martin Decl. ¶¶ 13-14, DE [10-1]. "Under New York law, a plaintiff that prevails on a claim for breach of contract is entitled, as a matter of right, to prejudgment interest from the date of breach until the entry of final judgment." Chadha v. Chadha, 2020 WL 1031385, at *13 (E.D.N.Y. Mar. 2, 2020) (internal quotation marks and citations omitted); see C.P.L.R. § 5001. The rate of interest under New York law is nine percent per annum. C.P.L.R. § 5004. Plaintiffs are therefore entitled, under New York law, to nine percent pre-judgment interest on the $370,215.01 balance due. As Plaintiffs have established March 15, 2020 as the date of the breach, there is a period of 213 days between March 15, 2020 and the October 14, 2020 filing of this motion. Therefore, a daily rate of $91.28 multiplied by the 213 days equals $19,442.64 in pre-judgment interest.

Finally, Plaintiffs are entitled to recover the costs of litigating this action. See Fed. R. Civ. P. 54(d)(1); see Mktg. Devs., Ltd., 2009 WL 4929419, at *12. Plaintiffs' costs in this case include the court filing fee of $400 and fees for service of process equal to $521.50. Martin Decl. ¶ 15; Daniewicz Decl. ¶ 9, Ex. 2. Plaintiffs are therefore entitled to recover $921.50 in costs.

CONCLUSION

For the foregoing reasons the Court respectfully recommends that Plaintiffs' motion for a default judgment be granted and that Plaintiffs be awarded damages against the Defendant in the amount of $390,579.15.

OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiffs' counsel via ECF. Furthermore, the Court directs Plaintiffs' counsel (1) to serve a copy of this Report and Recommendation by first class mail to Defendant(s) at their last known addresses, and (2) to file proof of service on ECF by June 30, 2021. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.** Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive the right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Central Islip, New York
June 28, 2021

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge